IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00516-SOM-2 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT HIRAM |
| | ) | JOSEPH KAUKANI III'S MOTION |
| | ) | FOR COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| HIRAM JOSEPH KAUKANI, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT HIRAM JOSEPH KAUKANI III'S
MOTION FOR COMPASSIONATE RELEASE**

I.        INTRODUCTION.

In 2016, Defendant Hiram Joseph Kaukani III entered a guilty plea to one count of conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(A), and 846.  In 2018, this court sentenced him to 78 months in prison.  He is currently incarcerated at FCI Sheridan, and the Bureau of Prisons says his projected release date is March 19, 2020.

Kaukani now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The primary basis for his motion is the COVID-19 pandemic.  He contends that his underlying medical conditions (obesity, type II diabetes, and hypertension[1]) make

---

[1] While Kaukani notes that he suffers from other medical conditions, he appears to concede that only those three

him vulnerable to complications if he contracts COVID-19. After considering Kaukani's medical conditions, the time remaining on his sentence, his history, and his disciplinary record while incarcerated, this court concludes that Kaukani has not demonstrated that extraordinary and compelling circumstances warrant a reduction in his sentence.

**II.     ANALYSIS.**

Kaukani's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted

---

conditions place him at a heightened risk of complications. ECF No. 170-1, PageID # 919-20.

his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements.  *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Kaukani has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

Kaukani submitted an administrative compassionate release request to the warden of his prison on August 13, 2020, more than 30 days before he filed this motion.  *See* ECF No. 175, PageID # 1043.  The Government is not contesting Kaukani's satisfaction of the exhaustion requirement.  *See id*.  Accordingly, this court finds that Kaukani has fulfilled the first requirement of § 3582(c)(1)(A).

### B. Kaukani has not demonstrated that extraordinary and compelling circumstances justify his early release.

This court therefore turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of

extraordinary and compelling reasons that justify early release. This court has stated that it reads § 3582(c)(1)(A) as allowing this court considerable discretion, notwithstanding the absence of an amended policy statement from the Sentencing Commission[2] reflecting the discretion now given to courts under that statute. *See United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).

The CDC currently lists the following conditions as creating an increased risk of a severe illness from COVID-19:

*Cancer

*Chronic kidney disease

*COPD (chronic obstructive pulmonary disease)

---

[2] The Sentencing Commission's policy statement does provide several examples of when extraordinary and compelling reasons may justify early release. For instance, early release may be justified if a defendant is "suffering from a serious physical or mental condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and *from which he or she is not expected to recover*." U.S.S.G. § 1B1.13 (emphasis added). Kaukani appears to argue that, because of his susceptibility to COVID-19, he falls within this category. *See* ECF No. 170-1, PageID # 920-22. But the Sentencing Commission's example addresses medical conditions that an inmate will suffer from for the rest of his or her life. By contrast, although Kaukani may have to deal with diabetes for the rest of his life, the specific reason he moves for compassionate release at this point relates to the threat posed by COVID-19. That threat will last until the current pandemic subsides, which, it is to be hoped, will not be for the rest of Kaukani's life. This court therefore does not view that example as dispositive with respect to Kaukani's motion.

>   *Heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
>
>   *Immunocompromised state (weakened immune system) from solid organ transplant
>
>   *Obesity (body mass index [BMI] of 30 or higher but less than 40 or higher)
>
>   *Severe Obesity (BMI of 40 or higher)
>
>   *Sickle cell disease
>
>   *Smoking
>
>   *Type 2 diabetes mellitus

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited October 13, 2020).

The CDC also lists the following as possibly increasing the risk of a severe illness from COVID-19:

>   *Asthma (moderate-to-severe)
>
>   *Cerebrovascular disease (affects blood vessels and blood supply to the brain)
>
>   *Cystic fibrosis
>
>   *Hypertension or high blood pressure
>
>   *Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines
>
>   *Neurologic conditions, such as dementia
>
>   *Liver disease
>
>   *Overweight (BMI of 25 or greater, but less than 30)

5

>    *Pregnancy
>
>    *Pulmonary fibrosis (having damaged or scarred lung tissues)
>
>    *Thalassemia (a type of blood disorder)
>
>    *Type 1 diabetes mellitus

*Id.*

Under the CDC's guidance, Kaukani's obesity (his BMI is 34.3), type II diabetes,[3] and hypertension increase his risk of a severe illness if he contracts COVID-19.  The court notes, however, that Kaukani is only 47 years old.  His age does not place him in the highest risk category.  While this court certainly agrees that Kaukani has legitimate concerns about contracting COVID-19, his medical conditions, standing alone, are not an exceptional and compelling reason that warrants a reduction in sentence.  This court thus examines the other relevant circumstances before reaching a conclusion about how to rule.

Kaukani is housed at FCI Sheridan, where COVID-19 was present.  As recently as a month ago, FCI Sheridan reported 5 active cases.  ECF No. 170-1, PageID # 923.  However, as of today, there are no active cases.  *See* www.bop.gov (last visited

---

[3] The most recent entry in Kaukani's prison medical records indicates that Kaukani's diabetes is "uncontrolled."  ECF No. 173, PageID # 978.  In July, however, his doctor prescribed new diabetes medication, and that medication may bring his condition under control.  *Id.*

October 14, 2020). Whether that reduction is because the facility has successfully controlled the disease's spread or (of greater concern) because the facility is failing to detect new cases, this court at this point does not have before it a record suggesting an imminent crisis in terms of Kaukani's risk of infection.

The court must also consider the time remaining on Kaukani's sentence. Kaukani has been in custody for approximately four years. See ECF No. 95, PageID # 475. He still has approximately a year and a half until his projected release date. Kaukani got a below-guideline sentence. That sentence reflected the seriousness of his offense and was intended to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). This court is not persuaded that a lesser sentence is now warranted.

Finally, this court considers Kaukani's criminal history and conduct in prison. Before his conviction in this case, Kaukani had been convicted of ten different offenses. ECF No. 95, PageID # 483-86. Eight of those offenses occurred more than 20 years ago, including a conviction for terroristic threatening, a conviction for theft and forgery, a conviction for attempted burglary, a conviction for shoplifting, two convictions for failing to obey a summons or citation, and two convictions

for contempt of court. *Id.* at 483-85. More recently, in 2003, Kaukani was convicted of harassment. *Id.* at 485. In 2014, after an argument with his wife, he punched her in the face, grabbed her by the hair, and pushed her to the floor, which caused her to hit her head on the cement. *Id.* at 486. He then pointed a gun at some bushes outside his house and fired a single round. *Id.* As a result, he was convicted of several offenses, including felony abuse of a family member and reckless endangering. *Id.* at 485-86. Being sentenced in the domestic violence matter in 2015 did not deter Kaukani from further criminal activity, as the drug conspiracy alleged in the present case involved activity in 2016. Moreover, at the time the Presentence Investigation Report in this case was prepared, a State of Hawaii probation revocation warrant was pending in the domestic violence case. *Id.* at 486. In short, Kaukani has a long history of criminal convictions, and his record includes at least one violent offense.

Kaukani's record while incarcerated is no more encouraging. In the four years that he has been in prison, he has been cited for six different disciplinary offenses, including refusing to obey an order, "phone abuse-disruptive monitoring" (on three different occasions), threatening bodily harm, and possession of a dangerous weapon. ECF No. 175-1, PageID # 1051-52. Kaukani admitted that he committed most of these offenses. *Id.* This court is particularly concerned that his disciplinary

record includes at least one violent offense (threatening bodily harm).  That incident, combined with his domestic violence in 2014, leaves this court concerned about whether he will pose a threat to others if released early.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence.  In Kaukani's case, this court must consider the seriousness of his crime, the amount of time remaining on his sentence, his extensive and recent disciplinary record while incarcerated, his criminal history, the potential for recidivism, and the totality of the medical information he has submitted.  In balancing those factors, this court gives great weight to Kaukani's domestic violence conviction and his disciplinary record while in prison.  Kaukani's motion does not alleviate this court's concern about whether he might pose a danger to others if he is released early.  Based on the circumstances in the record, this court determines that the reasons raised by Kaukani, while important, do not rise to the level of being extraordinary and compelling reasons warranting a reduction in his sentence.

**III.     CONCLUSION.**

Kaukani's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, October 14, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Kaukani*, Cr. No. 16-00516-SOM-2; ORDER DENYING DEFENDANT HIRAM JOSEPH KAUKANI III'S MOTION FOR COMPASSIONATE RELEASE